**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
Todd S. Sharinn, Esq.
900 Third Avenue
New York, New York 10022
Telephone: (212) 702-3171
Email: tsharinn@thsh.com

*Attorneys for Plaintiff*
*Bosslady Foods LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

----------------------------------------------------x
                                           :

BOSSLADY FOODS LLC,               :      Civil Action No.:
                                           :
                                         :
                     Plaintiff,   :      **COMPLAINT**
                                         :
                     v.            :      **JURY TRIAL DEMANDED**
                                         :

EDIBLE IP, LLC,                  :
EDIBLE BRANDS, LLC, and    :
EDIBLE ARRANGEMENTS, LLC,  :
                                         :
                                         :
                    Defendants.  :
----------------------------------------------------x

       Plaintiff Bosslady Foods LLC ("Bosslady"), by and through its attorneys, alleges as and

for its complaint ("Complaint") against Edible IP, LLC ("Edible IP"), Edible Brands, LLC

("Edible Brands"), and Edible Arrangements, LLC ("Edible Arrangements" and, collectively,

"Edible") as follows:

## <u>NATURE AND BASIS OF ACTION</u>

       1.    This is an action for declarations of non-infringement and no likelihood for

confusion under the Lanham and Declaratory Judgment Acts; a petition for cancellation of

Defendants' U.S. Registration Nos. 4832792, 5047570, 4171691, 4444986, 4927914, and 4592507

for genericism and fraud on the United States Patent and Trademark Office ("USPTO"); and for attempted monopolization under the Sherman Act, 15 U.S.C. §§ 2, *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act) and 15 U.S.C. §§ 1051 *et seq.*, as well as under 28 U.S.C. §§ 1331, 1332, and 1338 because Bosslady brings this action to determine a question of actual controversy between the parties arising under the trademark laws of the United States and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This court also has subject matter jurisdiction over (a) Bosslady's cancellation petitions pursuant to 28 U.S.C. §§ 1338 and 1367, and (b) Bosslady's antitrust claim pursuant to 15 U.S.C. § 4.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Edible IP, Edible Brands, and Edible Arrangements in that they regularly conduct and transact substantial and ongoing business in the State of Connecticut.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in this Judicial District.

## THE PARTIES

6.     Plaintiff Bosslady Foods LLC is a Delaware limited liability company with a principal place of business located at 150 Meadowlands Parkway, Suite 100, Secaucus, New Jersey 07094.

7.     Defendant Edible IP, LLC is a Connecticut limited liability company whose member is Edible Brands, LLC, a Delaware Company. Edible IP's principal place of business is

located at 980 Hammond Drive, Atlanta, Georgia 30328.

8.    Defendant Edible Brands, LLC is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

9.    Defendant Edible Arrangements, LLC is a Delaware limited liability company with a principal place of business at 980 Hammond Drive, Atlanta, Georgia 30328.

## BACKGROUND FACTS

### The Development of the "Tropical Sherbet Swizzle" Mark

10.    Samuel Rockwell and Justin Samuels founded Waffle Waffle, LLC d/b/a Happi Co. ("Happi Co.") in 2009 to make healthy, affordable, and authentic food available to all. Happi Co. has since become a leader in the consumer-packaged goods sector in the United States.

11.    Happi Co. develops and sells highly successful products under and in connection with multiple well-known brands in the frozen foods space, partnering with famous celebrities and businesses to craft nutritious, chef-quality products that forge enduring connections with consumers.

12.    Most relevant for the present case, Happi Co. partnered in 2023 with Calvin Cordozar Broadus Jr. a/k/a Snoop Dogg, the legendary rapper, actor, comedian, and entrepreneur, to found Bosslady, a venture dedicated to furnishing high quality food products reflecting Snoop Dogg's unique style and sensibilities.

13.    Bosslady's flagship product line is the widely acclaimed "Dr. Bombay" brand of frozen desserts, which features an array of ice cream and sherbet varieties melding unique and nostalgic flavors with Snoop Dogg's personal preferences and singular vision.

14.    Among the many successful Dr. Bombay ice cream and sherbet products is "Tropical Sherbet Swizzle" (the "TSS Mark"), which comprises a tub of orange sherbet with

tropical pineapple-flavored swirls sold widely through brick-and-mortar and online retail channels in the United States (the "TSS Product").

15.     Conceived as a play on both the tropical "swizzle stick" used to stir rum and other alcoholic beverages and the colloquialism "shizzle"—a term famously popularized by and associated with Snoop Dogg—the TSS Mark serves as a widely known and popular source identifier of the TSS Products and Bosslady in the marketplace.

16.     The tropical theme of the TSS Product is accentuated by its packaging, which presents stylized images of pineapples and citrus fruits against a vibrant and eye-catching backdrop of yellow, orange, and pink colors intended to reinforce the tropical theme and specifically the "swirling" associated with the swizzle stick that partly inspired the TSS Mark. A true and correct copy of the product packaging for the TSS Product is attached as **Exhibit A**.

17.     On November 21, 2022, Happi filed Application Serial No. 97/686,557 directed to "TROPICAL SHERBET SWIZZLE" in Int'l Class 030 for "Frozen confections; Frozen custards; Frozen yogurt; Frozen-yogurt-based snack foods; Ice-cream; Ice-cream-based snack foods; Ice cream; Ice cream bars; Ice cream desserts" (the "TSS Application"). A true and correct copy of the TSS Application is attached as **Exhibit B**.

18.     In July 2023, Bosslady officially released the initial seven (7) ice cream flavors in the Dr. Bombay product line, including the TSS Product ("Dr. Bombay Products").

19.     The TSS Product has been and remains widely available for sale in major grocery stores across the United States, including Walmart, Kroger, and more.

20.     Since their inception, the Dr. Bombay Products and the TSS Mark have received considerable publicity and news coverage. True and correct copies of news articles concerning the TSS Mark and the TSS Product are attached as **Exhibit C**.

4

21.    The TSS Mark is highly distinctive and enjoys a high degree of commercial strength because Bosslady has used the TSS Mark regularly and continuously since July of 2023 for ice cream and sherbet products and other frozen confections.

22.    As a result of the commercial success of the TSS Product, the TSS Mark has become well-known throughout the United States.

23.    Bosslady intends to continue using the TSS Mark in connection with the goods and services claimed by the TSS Application, including expressly those related to ice cream, sherbet, and other frozen confections.

24.    On March 11, 2025, the TSS Application was published in the *Trademark Official Gazette* for the mandatory thirty-day opposition period.

**Edible's Infringement Allegations Against Bosslady**

25.    Edible is a franchisor of stores offering dipped fruit, cut-fruit, frozen beverages, and other fresh fruit-based products.

26.    Edible markets its products through a network of franchisees, its website and call center, and certain affiliate-owned stores.

27.    Nearly two years after Bosslady commenced using the TSS Mark, Edible sent a demand letter to Bosslady by email on April 11, 2025. True and correct copies of that cover email and the accompanying demand letter are attached, respectively, as **Exhibit D** and **Exhibit E**.

28.    Edible's cover email explicitly charged Bosslady with infringement of Edible's "Swizzle trademarks." *See* **Exhibit D**.

29.    Edible's letter alleged "likelihood of confusion" between the parties' marks and warned that Edible was "prepared to vigorously enforce its valuable trademark rights" unless Happi agreed to the following:

(a) Voluntarily abandon the TSS Application;

(b) Refrain from filing any new applications for the TSS Mark or any other marks that contain the term SWIZZLE, or that are confusingly similar to the SWIZZLE® Marks, in connection with the Goods or any related goods and/or services;

(c) Cease and desist from all current use and refrain from future use of the TSS Mark, and any other marks that contain the term SWIZZLE or are confusingly similar to the SWIZZLE® Marks, in connection with the Happi Goods or any related goods and/or services;

(d) Remove all references to the TSS Mark from Happi's website, social media, product packaging, signage, and all other marketing materials; and

(e) Enter into a written Settlement Agreement, whereby Happi agrees to the foregoing.

*See* **Exhibit E**.

30.    On June 23, 2025, Edible sent a second email to Happi Co. restating these demands, including that Bosslady "agrees to cease all uses of the TSS mark" and that Bosslady "agrees to phase out all uses of the TSS Marks within 90-days of executing a Settlement Agreement." A true and correct copy of Edible's June 23, 2025 email is attached as **Exhibit F**.

31.    On July 9, 2025, Edible filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") (Proceeding No. 91300223), opposing the TSS Application due to purported likelihood of confusion with the Edible Marks (the "Opposition"). A true and correct copy of the Notice of Opposition filed by Edible is attached as **Exhibit G**.

32.    On August 15, 2025, Happi Co. filed a joint stipulation to extend its time to answer the Notice of Opposition until September 17, 2025, which the TTAB subsequently granted.

33.    Despite Bosslady's good faith efforts, Edible refused to withdraw or modify their settlement demand, placing Bosslady at ongoing apprehension of an imminent suit, regardless of

the disposition of the Opposition and creating an actual controversy as to the status of the parties' respective rights.

34.     Bosslady's urgency was heightened by an email Edible sent on August 28, 2025. A true and correct copy of Edible's August 28, 2025 email is attached as **Exhibit H**.

35.     In that email, Edible admitted for the first time that "there is a reasonable likelihood they will expand the SWIZZLE product line to include **ice cream**, with such products being sold through third-party retailers" (emphasis added). *Id.*

36.     Edible also asserted that the parties were "at an impasse." *Id.*

37.     Edible's email conspicuously failed to address the fact that "ice cream" and any related goods fall well outside the scope of the goods and services applied for and granted in connection with Edible's asserted SWIZZLE Registrations (as hereinafter defined).

38.     Due to Edible's refusal to retract its infringement allegation or offer a settlement framework that permits Bosslady to maintain use of the TSS Mark or continue selling the TSS Product, to say nothing of Edible's recent admission that it intends to use SWIZZLE-formative marks in connection with its manufacturing, marketing, distributing, offering for sale, and selling of ice cream and thereby infringe upon Bosslady's well-established and superior rights in and to the TSS Mark,  an actual case or controversy exists between the parties.

39.     If, as Bosslady fears, Edible follows through on its infringement threats and commences litigation against Bosslady, Bosslady will be severely harmed due to the potential need to scrap its existing inventory, packaging, and ingredients already purchased for the TSS Product, to say nothing of the disruption and harm to Bosslady's business, as well as its valuable and subsisting relationships with major retailers across the United States and the end customers that have grown fond of its branded TROPICAL SHERBET SWIZZLE product.

**There Is No Likelihood of Confusion Between the Parties' Marks**

40.    In its Notice of Opposition, Edible alleged ownership of six SWIZZLE-formative

trademark registrations with the USPTO (collectively, the "Swizzle Registrations"):

| MARK | REG. NO. | (CLAIMED) DATE OF FIRST USE | REG. DATE | GOODS AND SERVICES |
|---|---|---|---|---|
| SWIZZLE | 4832792 | Jul. 15, 2011 | Oct. 13, 2015 | Fresh fruit at least partially coated with a topping, namely, chocolate, coconut, cinnamon and nut based toppings; Fresh fruit dipped in chocolate |
| SWIZZLE SWEETHEART BOUQUET | 5047570 | Jul. 15, 2011 | Sep. 27, 2016 | 29: Fruit cut into shapes and arranged in containers as floral designs; processed fruits; 3 arrangements made of fresh processed fruit; fruit cut into shapes and at least partially coated with an edible topping, namely, coconut, processed nuts and combinations thereof; fruit cut into shapes and at least partially coated with an edible topping, namely, coconut, processed nuts and combinations thereof and arranged in containers as floral designs 30: Fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof; fruit cut into shapes and at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof and arranged in containers as floral designs; arrangements made of processed fruit at least partially coated with an edible topping, namely, chocolate, cinnamon and combinations thereof |
| SWIZZLE BERRIES | 4171691 | Sep. 1, 2011 | Jul. 10. 2012 | Fresh fruit partially coated with chocolate |
| SWIZZLE APPLES | 4444986 | Oct. 1, 2012 | Dec. 03, 2013 | Arrangements of cut fruit comprised of fresh fruits cut into flower shapes and at least partially coated with chocolate; Fresh fruits cut into flower shapes and at least partially coated with chocolate |
| SWIZZLE INDULGENCE TRIO | 4927914 | May 2013 | Mar. 29, 2016 | Fresh fruit partially coated with chocolate |
| SWIZZLE BANANAS | 4592507 | Oct. 1, 2013 | Aug. 26, 2014 | Fresh fruit at least partially coated with a topping, namely, chocolate, coconut, cinnamon and nut based toppings |

True and correct copies of the USPTO TSDR reports for each of the foregoing registrations are

attached, collectively, as **Exhibit I**.

41.    None of the USPTO filings submitted by Edible in connection with these registrations evince any use of a SWIZZLE-formative mark with frozen desserts, much less ice cream or sherbet.

42.    The SWIZZLE Registrations exclusively cover fresh fruit with various toppings.

43.    To the extent Edible ever used a SWIZZLE-formative mark in connection with frozen confections or ice cream prior to 2023, such use was sporadic and *de minimis* at best, and thus did not constitute *bona fide* use in commerce (or trademark use).

44.    The goods and services that Bosslady has continuously offered under its TSS Mark since 2023 or earlier are not similar to any goods and services that Edible has offered under SWIZZLE-formative marks, and are not likely to create confusion among consumers.

45.    The consuming public does not associate Edible's SWIZZLE-formative marks with frozen desserts or ice cream products because Edible has **never** marketed, advertised, offered for sale, or sold such goods and services under its SWIZZLE-formative marks.

46.    If Edible were to commence such use, Edible would be infringing upon Bosslady's well-established rights in and to the TSS Mark, which upon information and belief represents Edible's sole motivation behind its recent attempt to leverage its greater size and superior resources to force Bosslady out of the relevant marketplace—a stratagem that Edible has utilized against competitors for many years.

47.    Additionally, any use by Edible of SWIZZLE-formative marks in connection with ice cream and sherbet products and other frozen confections would materially harm Bosslady's valuable rights in and to the TSS Mark and the goodwill associated therewith and appurtenant thereto.

48.    Despite multiple years of coexistence in the marketplace, Bosslady is unaware of

any instances of actual confusion among the consuming public with Edible because of the marks at issue (or for any other reason).

49.    The USPTO expressly weighed the potential for likelihood of confusion between the parties' marks and concluded that no such likelihood presently exists.

50.    Given the parties' present uses of their respective marks, their marks are currently dissimilar with respect to sight, sound, and meaning.

51.    The parties' marks are presently used in connection with starkly distinct goods, with Edible using the SWIZZLE-formative marks in connection with cut and dipped fruit, and Bosslady using the TSS Mark solely with frozen confections, to wit, ice cream and sherbet.

52.    While Edible has sold and continues to sell frozen smoothies, frozen hot chocolates, and other frozen confections since at least as early as 2017, Edible has not, upon information and belief, ever sold any such products under or in connection with any SWIZZLE-formative marks.

53.    Thanks to the fame and entrenched cultural presence of Snoop Dogg, the consuming public is keenly aware of the affiliation of the TSS Mark with Bosslady, eliminating any risk of confusion between the parties.

54.    Additionally, and for the reasons set forth below, Edible's usage of SWIZZLE is generic for decoratively drizzled syrup and so Edible's SWIZZLE-formative marks do not function as source identifiers or trademarks for any of Edible's goods or services.

**Edible's SWIZZLE Registrations Are Subject to Cancellation for Genericism and Fraud**

55.    As a direct result of the goods and services on which Edible has used its SWIZZLE-formative marks—and the manner in which Edible has purportedly used those marks—Edible's SWIZZLE-formative marks are not only conceptually weak, they are also generic for the specific goods and services to which they are directed.

56.     Edible only uses SWIZZLE-formative marks in connection with a specific type of fruit product, to wit, fruits decoratively drizzled with chocolate, vanilla, strawberry, or other-flavored syrup.

57.     The term "swizzle" denotes decoratively drizzled syrup, and Edible did not coin it.

58.     By her own account, Shari Fitzpatrick ("Fitzpatrick")—the owner of Shari's Berries and Berried in Chocolate, among others—came up with the term "swizzle" one day while drizzling chocolate syrup on fruit. A true and accurate printout concerning Fitzpatrick's purported creation of "swizzle" is attached as **Exhibit J**.

59.     On information and belief, Fitzpatrick coined the term prior to Edible's claimed first use date of July 15, 2011.

60.     On information and belief, Fitzpatrick did not use or register the "swizzle" term as a trademark, opting instead to place it into the public domain as a signifier for the act of decoratively drizzling syrup on fruit and other foodstuffs, as well as the resulting "swizzle" design or pattern thereby created.

61.     Edible lacks any claim to the creation of the term "swizzle" or any license, permission, or authorization from Fitzpatrick to use SWIZZLE-formative marks in connection with fresh fruit or any other food products.

62.     Nevertheless, Edible represented to the USPTO in a sworn declaration that no other person had the right to use such a mark with the goods and services claimed in the applications for the SWIZZLE Registrations.

63.     On information and belief, Edible has no genuine and good faith belief to be the progenitor or sole user of the term "swizzle" in connection with dipped fruit.

64.     By failing to disclose prior users of SWIZZLE-formative marks in connection with

11

identical goods, Edible violated the duty of candor it owed to the USPTO, rendering its registrations void.

65.    Edible's registrations are also void for genericism.

66.    The *Cambridge English Dictionary* supplies, among others, the following definition for "swizzle": "a small amount of something, especially food, that is added in a circular shape to something as a decoration or to add to the taste." A true and correct copy of a printout for the Cambridge English Dictionary online listing for "swizzle" is attached as **Exhibit K**.

67.    This definition precisely describes the term's usage and function in the dipped fruit industry, including, to wit, all the uses made of it by Edible.

68.    Edible has and continues to make generic use of SWIZZLE and SWIZZLE-formative marks on its website, in marketing and promotional materials, and even on point-of-sale menus available to the consuming public by, among other things, failing to affix a ® symbol to the mark and by frequently presenting it in lower case and in the same font, color, style, size, location, and typeset as the rest of the product description. True and correct copies of representative examples of Edible's genericized uses of "SWIZZLE" are attached here, collectively, as **Exhibit L**.

69.    Social media posts and message boards demonstrate that the consuming public primarily uses "swizzle" as a synonym for decoratively drizzled syrup on dipped fruit slices. True and correct copies of representative examples of the consuming public's genericized use of SWIZZLE-containing terms are attached here, collectively, as **Exhibit M**.

70.    Despite its litigiousness on behalf of many of its other purported trademarks, Edible has failed to police and enforce its rights in and to SWIZZLE and SWIZZLE-formative marks.

71.    As a result of Edible's dereliction of its duty, many of Edible's competitors use the

term "swizzle" in connection with food and dessert products as a synonym for decoratively drizzled syrup. True and correct copies of representative examples of Edible's competitors' genericized uses of SWIZZLE-containing terms are attached here, collectively, as **Exhibit N**.

72.    As a result of the foregoing, the consuming public for dipped and cut fruit use and understand the term "swizzle" to refer to the genus or sub-genus of decoratively drizzled syrup and/or bits of nuts.

73.    Edible, Edible's competitors, and the consuming public also use "swizzle" as a verb, noun, and/or an adjective, in each instance to signify the decorative drizzling of syrup on fruit or other food products or the actual decorative pattern thereby created.

74.    The primary significance of "swizzle" to the relevant consuming public is decoratively drizzled syrup.

75.    Given the generic nature of the term "SWIZZLE" and Edible's knowledge thereof, Edible has no basis to claim a "family" of SWIZZLE-formative marks, and no right to prevent others from using the term "SWIZZLE"—particularly in connection with wholly unrelated goods and services like Bosslady's.

### Edible's Bad Faith Motives and History of Anti-Competitive Behavior & Attempted Monopoly

76.    Edible has an established history of claiming trademark rights in and to generic terms, including "Edible," "Edible Arrangements," "Bouquet", and "Swizzle," notwithstanding the generic and thus unprotectible and unregistrable nature of each.

77.    On information and belief, Edible has done so in an effort to disrupt and interfere with its competitors' business operations.

78.    Edible's competitors have expended significant resources combating Edible's past frivolous lawsuits, including, but not limited to, those actions filed against 1-800-Flowers.com,

Inc., Thomas Drummond, Provide Commerce, Inc., and Fresh Fruit Bouquet Company, Inc.

79.     In many of these actions, like in the pending Opposition, Edible has asserted rights in and to trademark registrations that it knows or should know are invalid for genericism and/or fraud upon the USPTO.

80.     The distinctions between the sight, sound, and meaning of the marks at issue, the goods and services themselves, the channels of trade, and the manner in which customers encounter the parties' respective goods and services are so glaring and inescapable that Edible's filing of the Notice of Opposition and infringement charge against Bosslady are objectively baseless.

81.     Edible's prior actions before the USPTO, paired with its Notice of Opposition and initiation of frivolous lawsuits against competitors, constitute a campaign to suppress competition.

82.     On information and belief, Edible is fully aware that the SWIZZLE Registrations are limited, invalid, and unenforceable as to the TSS Mark.

83.     On information and belief, Edible is using the Notice of Opposition and its infringement threat in a bad faith effort to unlawfully expand the scope of its trademark registrations.

84.     On information and belief, Edible's sole motive for doing so is to drive Bosslady out of the ice cream, sherbet, and frozen confection business immediately before Edible begins— for the first time—selling competitive ice cream products and other frozen confections under and in connection with confusingly similar SWIZZLE-formative marks.

85.     Edible's dominance and its anticompetitive practices have enabled Edible to attain market power, including monopoly power, or at least will enable Edible to acquire monopoly power if its conduct remains unchecked.

86.    On information and belief, Edible has no independent commercial basis for its actions.

87.    On information and belief, the costs that Edible has imposed on competitors, along with the risk that Edible will continue to do so, will render it commercially impracticable for Bosslady and others to compete in the frozen dessert market.

88.    On information and belief, Edible intends to leverage, and is leveraging, its superior financial resources to force Bosslady to abandon its valid, legitimate, and subsisting rights in and to the TSS Mark under the threat of surging attorneys' fees and costs.

89.    Edible's anticompetitive behavior will insulate Edible from price competition and enable Edible to maintain higher prices for sales of its assorted frozen products and to exclude competitors in whole or in part from competing effectively against Edible in the relevant market and/or submarket.

90.    Edible's conduct may thus enable it to achieve monopoly power, to the extent it has not done so already.

## **FIRST CLAIM FOR RELIEF**

### **(Declaratory Relief as to Infringement)**

91.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

92.    As a result of the allegations and assertions by Edible, which include allegations of trademark infringement and challenges to Bosslady's commercial use and registration of its valuable TSS Mark in connection with ice cream products and other frozen confections, there is an actual controversy between Bosslady and Edible as to the parties' rights, as well as to the legal relationships underlying the parties' uses of their respective SWIZZLE-formative marks.

93.     An immediate, real, and substantial controversy thus exists between the parties, who have manifestly adverse legal interests.

94.     Bosslady has used and intend to continue use of its TSS Mark in intrastate and interstate commerce in the United States in connection with the goods and services identified in the TSS Application.

95.     Edible has contended and continues to contend that Bosslady uses the TSS Mark in a manner that constitutes trademark infringement.

96.     Bosslady's use of the TSS Mark in connection with ice cream and other frozen confections does not infringe, dilute, or harm any of Edible's valid trademark rights in and to the Swizzle Registrations or any other SWIZZLE-formative marks purportedly owned by Edible, nor does it violate any federal or state trademark, trade name, or related law.

97.     Whatever protection afforded to Edible by its alleged trademarks does not extend to cover the use made by Bosslady of the TSS Mark in connection with ice cream and sherbet products and other frozen confections.

98.     A judicial determination is necessary and appropriate at this time to resolve the foregoing issues, and for the parties to ascertain their respective rights and obligations as to the SWIZZLE-formative marks at issue.

99.     Bosslady does not engage in any activities that harm or threaten any lawful rights of Edible and is entitled to a judicial declaration affirming the same in this action.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Declaratory Relief as to No Likelihood for Confusion)**

100.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

101.    As a result of the allegations and assertions by Edible, which include allegations of likelihood of confusion among the public due to Bosslady's commercial use and attempted registration of its valuable TSS Mark in connection with ice cream products and other frozen confections, as well as Edible's filing of a Notice of Opposition against the TSS Application asserting the same, there is an actual controversy between Bosslady and Edible as to the parties' rights, as well as to the legal relationships underlying the parties' uses of their respective SWIZZLE-formative marks.

102.    An immediate, real, and substantial controversy thus exists between the parties, who have manifestly adverse legal interests.

103.    Bosslady has used and intend to continue use of its TSS Mark in intrastate and interstate commerce in the United States in connection with the goods and services identified in the TSS Application.

104.    Edible has contended and continues to contend that Bosslady's use of the TSS Mark creates a likelihood of confusion with Edible's existing SWIZZLE-formative marks, and filed a Notice of Opposition with the TTAB against the TSS Application asserting the same.

105.    A judicial determination is necessary and appropriate at this time to resolve the foregoing issues, and for the parties to ascertain their respective rights and obligations as to the SWIZZLE-formative marks at issue.

106.    Bosslady's use of the TSS Mark in connection with ice cream and other frozen confections does not present any likelihood of confusion with any of Edible's registered or unregistered SWIZZLE-formative marks, and Bosslady is entitled to a judicial declaration affirming the same.

## THIRD CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4171691 for Genericism)

107.     Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

108.     In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4171691 for SWIZZLE BERRIES in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

109.     Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

110.     The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

111.     Numerous third-party dipped fruit and other food vendors use "swizzle" to functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

112.     The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

113.     The mark covered by U.S. Reg. No. 4171691 in connection with its claimed goods and services is generic.

114.     Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

115.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations and specifically U.S. Reg. No. 4171691 as set forth hereinabove.

116.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4171691 for genericism.

### FOURTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4832792 for Genericism)

117.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

118.    In their Notice of Opposition, Edible asserts ownership of Reg. No. 4832792 for SWIZZLE (the "'792 Registration") in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

119.    Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

120.    The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

121.    Numerous third-party dipped fruit and other food vendors use "swizzle" to functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

122.    The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

123. The mark covered by U.S. Reg. No. 4832792 in connection with its claimed goods and services is generic.

124. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

125. Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations and specifically U.S. Reg. No. 4832792 as set forth hereinabove.

126. Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4832792 for genericism.

## FIFTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 5047570 for Genericism)

127. Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

128. In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 5047570 for SWEETHEART SWIZZLE BOUQUET in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

129. Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

130. The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

131. Numerous third-party dipped fruit and other food vendors use "swizzle" to

functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

132.    The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

133.    The mark covered by U.S. Reg. No. 5047570 in connection with its claimed goods and services is generic.

134.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

135.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of U.S. Reg. No. 5047570 as set forth hereinabove.

136.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 5047570 for genericism.

**SIXTH CLAIM FOR RELIEF**

**(Cancellation of U.S. Reg. No. 4444986 for Genericism)**

137.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

138.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4444986 for SWIZZLE APPLES in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

139.    Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

140.    The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

141.    Numerous third-party dipped fruit and other food vendors use "swizzle" to functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

142.    The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

143.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

144.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations as set forth hereinabove.

145.    The mark covered by U.S. Reg. No. 4444986 in connection with its claimed goods and services is generic.

146.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4444986 for genericism.

## SEVENTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4592507 for Genericism)

147.    Bosslady repeats and realleges the allegations set forth above as though fully set

forth herein.

148.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4592507 for SWIZZLE BANANAS in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

149.    Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

150.    The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

151.    Numerous third-party dipped fruit and other food vendors use "swizzle" to functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

152.    The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

153.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

154.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations and specifically U.S. Reg. No. 4592507 as set forth hereinabove.

155.    The mark covered by U.S. Reg. No. 4592507 in connection with its claimed goods and services is generic.

156.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4592507 for genericism.

### EIGHTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4927914 for Genericism)

157.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

158.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4927914 for SWIZZLE INDULGENCE TRIO in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

159.    Bosslady denies that Edible has any legal right to exclude them from using the term "swizzle" in connection with frozen confections.

160.    The term "swizzle" in connection with the goods and services claimed by the SWIZZLE Registrations is a generic term for decoratively drizzled syrup.

161.    Numerous third-party dipped fruit and other food vendors use "swizzle" to functionally identify the decorative chocolate, vanilla, or other-flavored drizzle of syrup on fruit or other foodstuffs.

162.    The consuming public uses and understands the term "swizzle" to primarily signify the genus or sub-genus of decoratively drizzled syrup in connection with fresh fruit and other food products.

163.    The mark covered by U.S. Reg. No. 4927914 in connection with its claimed goods and services is generic.

164.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court

may, *inter alia*, determine the right to registration and order the cancellation of the SWIZZLE Registrations.

165.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations and specifically U.S. Reg. No. 4927914  as set forth hereinabove.

166.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4927914 for genericism.

### NINTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4832792 for Fraud on the USPTO)

167.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

168.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4832792 for SWIZZLE in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

169.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

170.    In its Declaration to the USPTO in connection with its application for SWIZZLE, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

171.    On information and belief, at the time of this representation, Edible had actual

knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by the SWIZZLE Registrations.

172.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

173.    As a result, and on information and belief, Edible made materially false representations to the USPTO in connection with its application for SWIZZLE.

174.    On information and belief, Edible knew such representations to be false at the time they were made.

175.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

176.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

177.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

178.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations as set forth hereinabove.

179.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4832792 for fraud upon the USPTO.

## TENTH CLAIM FOR RELIEF

**(Cancellation of U.S. Reg. No. 5047570 for Fraud on the USPTO)**

180.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

181.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 5047570 for SWEETHEART SWIZZLE BOUQUET in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

182.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

183.    In its Declaration to the USPTO in connection with its trademark application for SWEETHEART SWIZZLE BOUQUET, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

184.    On information and belief, at the time of this representation, Edible had actual knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by the SWIZZLE Registrations.

185.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

186.    As a result, and on information and belief, Edible made materially false

representations to the USPTO in connection with its application for SWEETHEART SWIZZLE BOUQUET.

187.    On information and belief, Edible knew such representations to be false at the time they were made.

188.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

189.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

190.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

191.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE Registrations as set forth hereinabove.

192.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 5047570 for fraud upon the USPTO.

## ELEVENTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4171691 for Fraud on the USPTO)

193.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

194.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4171691 for SWIZZLE BERRIES in connection with assorted fresh fruit products coated with toppings and

contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

195.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

196.    In its Declaration to the USPTO in connection with its application for SWIZZLE BERRIES, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

197.    On information and belief, at the time of this representation, Edible had actual knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by U.S. Reg. No. 4171691.

198.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

199.    As a result, and on information and belief, Edible made materially false representations to the USPTO in connection with its application for SWIZZLE BERRIES.

200.    On information and belief, Edible knew such representations to be false at the time they were made.

201.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

29

202.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

203.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

204.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of U.S. Reg. No. 4171691 as set forth hereinabove.

205.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4171691 for fraud upon the USPTO.

## TWELFTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4444986 for Fraud on the USPTO)

206.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

207.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4444986 for SWIZZLE APPLES in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

208.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

209.    In its Declaration to the USPTO in connection with its application for SWIZZLE APPLES, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance

as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

210.    On information and belief, at the time of this representation, Edible had actual knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by the SWIZZLE Registrations and specifically U.S. Reg. No. 4444986.

211.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

212.    As a result, and on information and belief, Edible made materially false representations to the USPTO in connection with its application for SWIZZLE APPLES.

213.    On information and belief, Edible knew such representations to be false at the time they were made.

214.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

215.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

216.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

217.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of the SWIZZLE

Registrations as set forth hereinabove.

218.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4444986 for fraud upon the USPTO.

## THIRTEENTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4927914 for Fraud on the USPTO)

219.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

220.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4927914 for SWIZZLE INDULGENCE TRIO in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

221.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

222.    In its Declaration to the USPTO in connection with its application for SWIZZLE INDULGENCE TRIO, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

223.    On information and belief, at the time of this representation, Edible had actual knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by the SWIZZLE Registrations and specifically U.S. Reg. No. 4927914.

32

224.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

225.    As a result, and on information and belief, Edible made materially false representations to the USPTO in connection with its application for SWIZZLE INDULGENCE TRIO.

226.    On information and belief, Edible knew such representations to be false at the time they were made.

227.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

228.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

229.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

230.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of U.S. Reg. No. 4927914 as set forth hereinabove.

231.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4927914 for fraud upon the USPTO.

## FOURTEENTH CLAIM FOR RELIEF

### (Cancellation of U.S. Reg. No. 4592507 for Fraud on the USPTO)

232.    Bosslady repeats and realleges the allegations set forth above as though fully set

forth herein.

233.    In their Notice of Opposition, Edible asserts ownership of U.S. Reg. No. 4592507 for SWIZZLE BANANAS in connection with assorted fresh fruit products coated with toppings and contends that such ownership confers on Edible the legal right to exclude Bosslady from using SWIZZLE-formative marks in connection with frozen confections.

234.    Bosslady denies that Edible has any legal right to exclude it from using the term "swizzle" in connection with frozen confections.

235.    In its Declaration to the USPTO in connection with its application for SWIZZLE BANANAS, Edible averred that "to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive."

236.    On information and belief, at the time of this representation, Edible had actual knowledge that Fitzpatrick had previously coined and used the term "swizzle" in commerce in the United States in connection with fresh fruit, cut fruit, and dipped fruit products in precisely the same manner and use as Edible intended to use, and ultimately did use, the marks covered by the SWIZZLE Registrations.

237.    On information and belief, Fitzpatrick had legal rights superior to Edible's in and to SWIZZLE-formative marks in connection with fresh and dipped fruit.

238.    As a result, and on information and belief, Edible made materially false representations to the USPTO in connection with its application for SWIZZLE BANANAS.

239.    On information and belief, Edible knew such representations to be false at the time they were made.

240.    On information and belief, Edible lacked permission, authorization, or license from Fitzpatrick to use SWIZZLE-formative marks or file applications directed thereto for fresh fruit products.

241.    On information and belief, Edible intended to deceive the USPTO to secure trademark rights and registrations to which it was not entitled by law.

242.    Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark the Court may, *inter alia*, determine the right to registration and order the cancellation of federal trademark registrations, including the SWIZZLE Registrations.

243.    Pursuant to Trademark Act § 14, 15 U.S.C. § 1064, Bosslady has standing to bring this claim because Bosslady is being and will be damaged as a result of U.S. Reg. No. 4592507 as set forth hereinabove.

244.    Therefore, Bosslady hereby requests, and is entitled to, cancellation of U.S. Reg. No. 4592507 for fraud upon the USPTO.

## FIFTEENTH CLAIM FOR RELIEF

### (Attempted Monopolization under the Sherman Act, 15 U.S.C. § 2)

245.    Bosslady repeats and realleges the allegations set forth above as though fully set forth herein.

246.    15 U.S.C. §§ 2, *et seq.*, instructs that it is illegal to monopolize or attempt to monopolize any portion of interstate trade or commerce.

247.    Edible knew that the SWIZZLE Registrations were limited, invalid, and unenforceable against the TSS Application and the TSS Mark.

248.    Despite this knowledge, Edible nevertheless filed a Notice of Opposition against the TSS Application, threatened Bosslady with infringement of the SWIZZLE Registrations, and

explicitly conceded a "reasonable likelihood" of expanding into the ice cream and frozen confection business under SWIZZLE-formative marks.

249.    Under the guise of a Notice of Opposition and an infringement threat, Edible is actually attempting to eliminate or harm Bosslady's retail business in the ice cream industry and eliminate or undermine Bosslady's retail business in the relevant market.

250.    Edible's Opposition is objectively baseless and, much like Edible's infringement threat, was lodged in bad faith with the purpose of obtaining and maintaining monopoly power and restraining competition in the relevant marketplace.

251.    Edible knew that even though it would not prevail on the merits of its claims and Opposition, the process of commencing the same would stifle competition and cause damage to Bosslady and other similarly situated retailers and thereby damage competition in the relevant industry.

252.    Further, by filing the Notice of Opposition, Edible seeks to force Bosslady to incur detrimental fees and costs, as well as to enter into agreement(s) with Edible that would stifle competition in the relevant industry.

253.    The foregoing, coupled with Edible's initiation of numerous other baseless infringement suits against competitors, demonstrates its anticompetitive intent and conduct.

254.    The retail sale of frozen confection products is the relevant line of commerce and/or markets within the meaning of the antitrust laws.

255.    The relevant geographic market is the United States.

256.    Edible has engaged in conduct and a pattern of conduct with anticompetitive effects, in an effort to obtain a monopoly in the relevant industry designed to harm and ultimately exclude Bosslady and others from the relevant market.

257.    Edible intends to monopolize the relevant market.

258.    There is no legitimate business justification for Edible's conduct.

259.    Edible's conduct presents a realistic, dangerous, and likely probability of monopolizing and/or causing industry to the relevant market, if successful.

260.    By its initiation of the Opposition and its baseless infringement charge against Bosslady, Edible has evidenced its intent to violate United States antitrust laws.

261.    There is a realistic, dangerous, and great probability that such action, if successful and unchecked, would propel Edible, through its capacity to achieve dominant market power, from a non-monopolistic share of the relevant market to a monopolistic share.

262.    Bosslady has suffered and will continue to suffer antitrust injury as a direct result of Edible's violation of the U.S. antitrust laws.

263.    The injury is direct and substantial, and includes, but is not limited to, loss of sales and profits, attorneys' fees defending the Opposition, prejudgment interest, impaired ability to attract investment or investors, impaired ability for growth, loss of market share, reduction in the value of their business, loss of business reputation, and costs, and Bosslady is entitled to trebled damages thereof.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Bosslady respectfully requests judgment against Edible and their respective partners, agents, and employees, and any and all persons in active concert or participation with Edible, and each of their heirs, executors, administrators, successors, licensees, assigns, subsidiaries, parents, affiliates, divisions, co-venturers, partners, officers, directors, employees, agents, shareholders, managers, representatives, consultants and any and all other persons, corporations or other entities acting under the supervision, direction, control or on behalf

of any of the foregoing as follows:

1.    That this Court declare that Bosslady's use and registration of the TSS Mark with goods and services relating to ice cream and other frozen confections do not infringe upon, dilute, present a likelihood of confusion with, or otherwise violate any valid rights of Edible under any applicable federal or state law;

2.    That this Court enjoin Edible's manufacturing, distributing, marketing, offering for sale, and selling of ice cream, sherbet, or other frozen confections under and/or in connection with SWIZZLE-formative marks;

3.    That this Court declare that Bosslady is not liable to Edible;

4.    That this Court enter an Order cancelling Reg. Nos. 4832792, 5047570, 4171691, 4444986, 4927914, and 4592507 for genericism and fraudulent procurement;

5.    That Edible be ordered to pay compensatory, punitive, and enhanced damages, as well as Bosslady's attorneys' fees and costs, as demanded in the claims set forth above;

6.    That Edible be ordered to pay prejudgment interest on the foregoing relief;

7.    For such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule 38(b), Bosslady hereby demands a jury trial on all issues by a jury.

Dated:  September 11, 2025                    Respectfully submitted,

                                              **TANNENBAUM HELPERN SYRACUSE &**
                                              **HIRSCHTRITT LLP**


                    By:_____
                        Todd S. Sharinn, Esq.
                        900 Third Avenue
                        New York, New York 10022
                        Telephone: (212) 702-3171
                        tsharinn@thsh.com